SASA AGASIVA, Plaintiff-Appellee,
v.
MARIE AGASIVA, Defendant-Appellant.
No. 28734
Intermediate Court of Appeals of Hawaii.
July 30, 2009.
On the briefs:
Leslie C. Maharaj, for Defendant-Appellant.
David J. Gierlach, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting Chief Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Marie Agasiva (Mother) appeals from the Order Granting in Part and Denying in Part Motion for Post-Decree Relief to Change Child Custody filed July 11, 2007 (Post-Decree Order) in the Family Court of the First Circuit (Family Court).[1]
Mother raises two points of error:
1. the Family Court erred in making custody and/or visitation decisions regarding the child born in 2003 (Child 2) because Sasa Agasiva's (Father's) May 7, 2007 motion to modify child custody did not request any decision be made as to Child 2; and
2. the Family Court erred in denying Mother's motion for reconsideration of the Post-Decree Order because she satisfied her burden of proof that there had been fraud, mistake and/or other reasons justifying relief as set forth in Hawai'i Rules of Civil Procedure (HRCP) § 60(b)(1), (3), and (6).
The Hawai'i Supreme Court, has often stated that "the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal." In re Doe, 101 Hawai'i 220, 227, 65 P.3d 167, 174 (2003) (internal quotation marks, citation, and brackets omitted).
Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.
Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001) ) .
The abuse of discretion standard is used to review the Family Court's ruling on a motion for reconsideration. See, e.g., Child Support Enforcement Agency v. Doe, 98 Hawai'i 499, 503, 51 P.3d 366, 370 (2002).
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as any constitutional, statutory, case law and other authorities relevant thereto, we resolve Mother's contentions as follows:
(1) The Family Court may modify a custody award with or without a specific request or motion by an interested party."Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change. . ." Hawaii Revised Statutes § 571-46(6). Mother does not cite to any testimony, evidence, or argument in the record supporting her contention that the Family Court abused its discretion in referring to Child 2's custody and visitation in the Post-Decree Order.[2] Mother does not assert that the Post-Decree Order significantly modified the prior order regarding Child 2's custody and visitation. It appears that the modifications simply provided for a more specific summer visitation schedule, regular telephone contact between Father and the children, and Father's access to information about the children's educational and extracurricular activities, such as sports. Mother does not argue that the Post-Decree Order was contrary to the best interest of Child 2. Mother states that the underlying motion "did not comply with notice requirements," but fails to explain or otherwise support this argument. Mother is identified (in the subject order) as having been present at the hearing that resulted in the Post-Decree Order. Accordingly, we conclude that the Family Court did not abuse its discretion in entering the Post-Decree Order. The Post-Decree Order remains subject to further modification of the Family Court.
(2) Mother failed to support her argument that the Family Court abused its discretion in denying reconsideration. Upon review, the record on appeal does not support the contention that the Family Court abused its discretion in this regard.
For these reasons, we affirm the Family Court's July 11, 2007 Post-Decree Order.
NOTES
[1] The Honorable R. Mark Browning presided.
[2] Mother did not order any hearing transcripts to aid the court in its review.